UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Steven Laine,<br><br>  Plaintiff,<br><br>v.<br><br>Zenith Acquisition Corporation,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Oxford, MI at all times relevant to this action.

2. Defendant is a New York Corporation that maintained its principal place of business in Amherst, New York at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation allegedly owed to Wells Fargo, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. Throughout August 2010, Defendant telephoned Plaintiff's mother ("Linda") in connection with the collection of the debt on several occasions without Plaintiff's consent.

13. During at least one of these communications, Defendant disclosed to Linda that Defendant was attempting to collect a debt from Plaintiff.

14. Defendant caused Plaintiff embarrassment and emotional distress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692b by stating that Plaintiff owed a debt in a communication with a third party.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

21. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.
Attorneys for Plaintiff

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 312-753-7576
    Fax: 312-822-1064
    Email: tjs@legalhelpers.com

    s/ with consent of Lori A. Leigh
    Lori A. Leigh
    17117 W. Nine Mile, Suite 1020
    Southfield, MI 48075
    Telephone: 866-339-1156
    Fax: 248-569-3874
    Email: lal@legalhelpers.com
    Bar # P65423 (Local Counsel)